# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANJLO CARVAJALES, | Case No. 1:18-cv-01579-AWI-BAM |
| Plaintiff, | SCREENING ORDER GRANTING LEAVE TO AMEND |
| v. | (ECF No. 1) |
| INTERNAL REVENUE SERVICE, | **THIRTY (30) DAY DEADLINE** |
| Defendant. | |

Plaintiff Dianjlo Carvajales ("Plaintiff"), a state prisoner proceeding pro se, filed this action against the Internal Revenue Service (the "IRS") on November 16, 2018. (ECF No. 1.) Plaintiff's complaint is currently before the Court for screening. (ECF No. 1).

## I.  Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss</u>, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California.  Plaintiff alleges that he filed his federal taxes for the tax year ending December 31, 2016, and was subsequently audited by the IRS.  The IRS informed Plaintiff that three of the four dependents he had claimed on his 2016 taxes were not qualified dependents.  Plaintiff then contacted the IRS and provided various documentation, including a lease agreement, his daughter's birth certificate, and pay stubs.

Plaintiff alleges that the IRS subsequently told him that the "audit was behind" but he would eventually receive $3,225.00 in refunds.  The IRS then sent Plaintiff a letter dated May 31, 2018, stating that the audit had been closed and, if Plaintiff wanted it reopened, he would need to submit documentation showing that his daughter was living with Plaintiff and that Plaintiff was supporting her during the 2016 tax year.  The IRS' May 31, 2018 correspondence further stated that Plaintiff owed $157.06, including the applicable penalty and interest through June 20, 2018, for the 2016 tax year.  Plaintiff subsequently requested another copy of his lease agreement for the 2016 tax year from his former landlord.

Plaintiff seeks the "full $3,225.00 cash refund fined (sic) free, deposited into [his] Prison Trust Account[.]"

2

### III.    Discussion

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.

### A.    Immunity and Subject Matter Jurisdiction

The United States is immune from suit absent specific statutory consent waiving immunity.  Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 141-142 (1972); United States v. Shaw, 309 U.S. 495, 500-501 (1940).  Even when suits against the United States are authorized, they may only be brought in designated courts with jurisdiction over the subject matter of the suit.  Shaw, 309 U.S. at 501.  Therefore, before the merits of Plaintiff's claim can be considered, there must be statutory authority which confers subject matter jurisdiction on this Court.  Plaintiff must also allege sufficient factual detail to allow the Court to reasonably infer that it has jurisdiction over Plaintiff's claims.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B.    Injunctive and Declaratory Relief

Plaintiff's complaint requests relief in the form of the "full $3,225.00 cash refund fined (sic) free, deposited into [his] Prison Trust Account[.]"  The Court construes this as a request for injunctive and declaratory relief. Insofar as this amounts to a request for injunctive relief or a declaration from the Court that any penalties or taxes assessed by the IRS are void, this Court lacks jurisdiction.  Courts may "declare the rights and other legal relations" of parties within their jurisdiction, "except with respect to Federal taxes."   28 U.S.C. § 2201(a).  Likewise, except in limited circumstances, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]"  26 U.S.C. § 7421(a).  Accordingly, the Court lacks jurisdiction to grant declaratory or injunctive relief against the IRS on Plaintiff's claims.

### C.    28 U.S.C. § 1346(a)(1) Refund Claim

Plaintiff's complaint appears to assert a refund claim pursuant to 28 U.S.C. § 1346(a)(1), which grants district courts jurisdiction over civil actions against the United States for the

recovery of any tax alleged to have been erroneously or illegally assessed, any penalty claimed to have been collected without authority, or any sum alleged to have been excessive or wrongfully collected. 28 U.S.C. § 1346(a)(1). However, before a taxpayer may bring a civil action under 28 U.S.C. § 1346(a)(1), he or she must pay the full amount of the contested penalty assessment and file an administrative claim with the IRS according to the applicable provisions of law and regulations. 26 U.S.C. § 7422(a); Flora v. United States, 362 U.S. 145, 177 (1958). Compliance with these requirements is a prerequisite to subject matter jurisdiction. Quarty v. United States, 170 F.3d 961, 972 (9th Cir. 1999); Hutchison v. United States, 677 F.2d 1322, 1325 (9th Cir. 1982).

Here, Plaintiff alleges that he provided the IRS with the necessary documents to establish that his daughter was a qualified dependent during the 2016 tax year, was informed by the IRS that he would receive a return of $3,225.00, and subsequently learned that there was a balance due and no refund would issue. Plaintiff appears to dispute the IRS' determination that no refund was due as well as the assessment of $157.06 in penalties and interest. However, Plaintiff fails to allege whether he has paid the $157.06 balance owed and all other assessed penalties for the 2016 tax year, if any. Plaintiff likewise does not allege whether he has filed the applicable administrative claim with the IRS.

Before the Court may consider the substance of Plaintiff's potential claims, Plaintiff must set forth sufficient facts to allow the Court to infer that the applicable jurisdictional prerequisites have been met. Without further information, the Court cannot determine whether Plaintiff states a cognizable claim or, more importantly, whether this Court maintains jurisdiction over Plaintiff's claims for recovery under 28 U.S.C. § 1346(a)(1).

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

4

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 15, 2019**                    /s/ *Barbara A. McAuliffe*
                                                                            UNITED STATES MAGISTRATE JUDGE