1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DIANJLO CARVAJALES,

       Plaintiff,

   v.

INTERNAL REVENUE SERVICE,

       Defendant.

Case No.  1:18-cv-01579-AWI-BAM

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE

(Doc. Nos. 3, 4)

**FOURTEEN (14) DAY DEADLINE**

## I.      Background

Plaintiff Dianjlo Carvajales ("Plaintiff"), a state prisoner proceeding pro se, filed this action against the Internal Revenue Service (the "IRS") on November 16, 2018.  (Doc. No. 1.)

On November 16, 2018, Plaintiff submitted an Application to proceed in District Court Without Prepaying Fees or Costs (Short Form) which indicated that he is currently incarcerated at Pleasant Valley State Prison, but failed to indicate whether he authorized collection of payments from his prison trust account in accordance with 28 U.S.C. § 1915(b)(2).   (Doc. No. 2.) Accordingly, on January 17, 2019, the Court issued an order denying Plaintiff's application to proceed in forma pauperis without prejudice and requiring Plaintiff to either complete and file an

Application to Proceed In Forma Pauperis by a Prisoner or pay the filing fee for this action in full. (Doc. No. 3.) Plaintiff was expressly warned that if he failed to pay the filing fee for this action or complete and file an Application to Proceed In Forma Pauperis by a Prisoner in compliance with the Court's order, the Court would recommend dismissal of this action for failure to comply with a court order. (*Id.*)

On January 17, 2019, the Court additionally screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order. (Doc. No. 4.) Plaintiff was again expressly warned that if he failed to file an amended complaint in compliance with the Court's order, the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*)

The deadlines for Plaintiff to either pay the filing fee for this action or file an Application to Proceed In Forma Pauperis by a Prisoner and to file his amended complaint have passed, and Plaintiff has not complied with the Court's orders.

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, this action has been pending since November 2018 and Plaintiff's amended complaint and application to proceed in forma pauperis are both overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Indeed, a civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's January 17, 2019 orders both expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action. (Doc. Nos. 3 at 2, 4 at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's initial application to proceed in forma pauperis in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Order

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's order and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 4, 2019**__          ___/s/ Barbara A. McAuliffe___
                                       UNITED STATES MAGISTRATE JUDGE